UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MORRIS L. HARRIS,

    Plaintiff,

v.                                           Case No. 23-CV-740

REGINALD WILLIAMS, *et al.*,

    Defendants.

## ORDER

On April 1, 2024, the defendants filed a motion for summary judgment on the merits. (ECF No. 15.) Pursuant to Civil Local Rule 15(b)(2), and a Notice an Order issued by the court on April 2, 2024, *pro se* plaintiff Morris L. Harris had until May 1, 2024, to respond to the defendants' motion for summary judgment. (ECF No. 21.) The court cautioned Harris that if he failed to respond to the summary judgment motion, the court would accept all facts asserted by the defendants as true and likely grant their motion.

On April 18, 2024, Harris filed a motion to appoint counsel and a motion for extension of time to respond to the defendants' summary judgment motion. (ECF No. 24.) The court denied his motion to appoint counsel but granted his motion for extension of time to respond, giving him until June 25, 2024.

The June 25, 2024, deadline has passed, and the court has not heard from Harris. The court will therefore construe the defendants' motion for summary judgment as unopposed. The court has reviewed the defendants' motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that they are entitled to summary judgment on the merits. The undisputed facts show that the defendants did not violate Harris's Eighth Amendment rights by using excessive force against him. Accordingly, the case is dismissed.

**IT IS THEREFORE ORDERED** that the defendants' motion for summary judgment (ECF No. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion

under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 17th day of July, 2024.

STEPHEN DRIES
United States Magistrate Judge

3

Case 2:23-cv-00740-SCD   Filed 07/17/24   Page 3 of 3   Document 25